UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WELLS FARGO COMMERCIAL
DISTRIBUTION FINANCE, LLC,

    Plaintiff,

v.                                         Case No: 6:16-cv-1265-Orl-40TBS

BRIAN POUNDS,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff, Wells Fargo Commercial Distribution Finance, LLC's Motion for Default Final Judgment (Doc. 14). Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

### I. Background

On November 28, 2008, Defendant Brian Pounds executed and delivered a guaranty agreement to GE Commercial Distribution Finance Corporation, a predecessor in interest to Plaintiff Wells Fargo Commercial Distribution Finance, LLC (Doc. 1, ¶ 3; Doc. 1-2,). Defendant breached the terms of the agreement, and Plaintiff filed a statement of claim with a demand for arbitration (Doc. 1, ¶ 4). The parties arbitrated the dispute in St. Louis, Missouri, and on May 4, 2016, the arbitrator ruled in favor of Plaintiff and awarded it the sum of $73,354.17 (Id., ¶ 6; Doc. 1-3). Defendant has not paid any part of the award (Doc. 1, ¶ 7).

Plaintiff filed this action on May 17, 2016, to confirm the arbitration award. Defendant has not responded to the complaint. Plaintiff's motion requests this Court enter a default judgment against Defendant confirming the arbitration award and awarding

post-judgment interest pursuant to Federal Rules of Civil Procedure Rule 55(b)(2) (Doc. 14 at 2).

## II. Discussion

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk. Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations of fact in the plaintiff's complaint. See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). But, "a defendant's default does not in itself warrant the court in entering a default judgment," and it "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Const. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Along with the requirement that the clerk's entry of default be proper, the court may enter a default judgment only if there is "a sufficient basis in the pleadings for the judgment entered." Id.

Plaintiff seeks confirmation of the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 which provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Any attempt to vacate or modify an award must occur within three months after the award is filed or delivered. See 9 U.S.C. 12.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

The parties' agreement specifies that an arbitration award may be confirmed in any state or federal court of competent jurisdiction within the federal judicial district that includes the residence of the party against whom such award was entered (Doc. 1-2 at 5). Defendant resides in this district (Doc. 1, ¶ 1), his counsel accepted service of process on May 27, 2016 (Doc. 5), and Defendant has not responded to the complaint. The Clerk's entry of default was therefore proper. See 9 U.S.C. § 9; Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007). Plaintiff applied to the Court for an order confirming the award within one year after it was made, and Defendant has not sought to vacate, modify, or correct the award (Doc. 1, ¶¶ 1, 10). Plaintiff is therefore entitled to an order confirming the arbitration award. See 9 U.S.C. § 9.

### III. Recommendation

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that Plaintiff's Motion for Default Final Judgment (Doc. 14) be **GRANTED**, and that the Court **CONFIRM** the arbitration award entered on May 4, 2016 in favor of Plaintiff and against Defendant in the sum of $73,354.17 with interest thereon as permitted by law (Doc. 1-3).

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 8, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties